UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NORMAN BEAULIEU-BEDFORD :
:
v. : C.A. No. 18-00467-WES
:
RHODE ISLAND DEPARTMENT :
OF CORRECTIONS :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Norman Beaulieu-Bedford ("Petitioner") filed his Petition for Writ of Habeas Corpus on August 24, 2018. (ECF Doc. No. 1). On October 22, 2018, Respondent, Rhode Island Department of Corrections, filed a Motion to Dismiss the Petition as unexhausted and time-barred. (ECF Doc. No. 13). Petitioner filed his Objection on November 20, 2018. (ECF Doc. No. 22). This matter was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (ECF Doc. No. 13) be GRANTED and that the Petition (ECF Doc. No. 1) be DISMISSED.

**Background**

Although not a model of clarity,[1] Petitioner's claims stem from his assertion "of illegal detention involving two separate illegal sentences." (ECF Doc. No. 22 at p. 16). In its Motion

---

[1] Petitioner vaguely alleges a variety of Constitutional claims in addition to being "illegally detained." In reviewing his Motion to Proceed IFP, the Court noted that his allegations of constitutional violations were "conclusory and not presently supported by sufficient factual allegations to state viable civil rights claims under 42 U.S.C. § 1983." See Text Order entered September 21, 2018. In his Objection and other filings with the Court, Petitioner continues to allege that the "civil rights claims against the state...[are] substantial and mounting...." (ECF Doc. No. 22 at p. 3). Nevertheless, he does not provide any additional support for such allegations, and thus these

to Dismiss, the State sets forth the facts relating to Petitioner's relevant contacts with the State Court, which are summarized below. (ECF Doc. No. 13 at pp. 3-6).

On May 22, 1998, a Providence County Superior Court jury convicted Petitioner of one count of first-degree child molestation and one count of second-degree child molestation in Case No. P1-1997-1715A. On July 10, 1998, the Superior Court sentenced the Petitioner to forty years at the Adult Correctional Institutions ("ACI"), twenty years to serve, the balance suspended with probation for first-degree child molestation, and twenty years at the ACI, ten years to serve, the balance suspended with probation for second-degree child molestation.

On November 23, 2010, the Rhode Island Supreme Court entered an order accepting a confession of error that the State of Rhode Island filed in which it agreed that the Superior Court deprived the Petitioner of his Sixth Amendment right to counsel during his closing argument at the May 1998 trial in that case. The Rhode Island Supreme Court vacated the Petitioner's judgment of conviction and remanded his case to the Superior Court for a new trial.

On October 3, 2011, Petitioner entered a nolo contendere plea to the first-degree child molestation charge in P1-1997-1715A, and the State dismissed the remaining charge in the indictment. The Superior Court sentenced Petitioner to twenty-five years at the ACI, fourteen years to serve, the balance suspended with probation. On information and belief, the credit for time served that Petitioner received satisfied the "time to serve" component of his new sentence.

---

purported claims remain unsupported and are not viable. Petitioner also asserts that he has "advanced a preservation of his sovereign rights as the Beneficiary/Executor of the corporate estate of Normand Beulieu-Bedford" and notes his "concern" regarding "whether his claim of sovereignty could be maintained while still challenging wrongful judgments under statutory law within the state courts." Id. at p. 21. He also states that he has been subject to three competency evaluations by court-appointed attorneys.

On December 29, 2015, the State filed a Rule 32(f) Notice of Probation Violation in Case No. P1-1997-1715A, and in Case No. P3-2015-0927A, a case in which, on information and belief, Petitioner entered a nolo contendere plea on April 13, 2015, to one count of receiving stolen goods valued under $1,500.00 and received a one-year suspended sentence with probation. On information and belief, the State alleged that Petitioner violated the terms and conditions of his probation, based on conduct that gave rise to his being charged with the crimes of assault with intent to murder and felony assault (serious bodily injury). Following a violation hearing in March 2016, the Superior Court found that Petitioner violated the terms and conditions of his probation in both of his previous cases, but did not execute any portion of his suspended sentences. That same month, Petitioner waived his right to be criminally charged for that conduct by way of information and entered nolo contendere pleas in Case No. P2-2016-1092A to one count of assault with intent to commit specified felonies and one count of felony assault. The Superior Court sentenced him to concurrent sentences of twelve years at the ACI, six years to serve, the balance suspended with probation.

In August 2016, Petitioner filed a State Application for post-conviction relief ("PCR Application") alleging that his two convictions in P2-2016-1092A violated the Federal and State Constitutions. On February 8, 2017, the Superior Court vacated Petitioner's judgment of conviction in P2-2016-1092A. Petitioner then entered nolo contendere pleas to two counts of felony assault, and the Superior Court sentenced him to concurrent sentences of thirteen years at the ACI, five years to serve, the balance suspended with probation. Petitioner subsequently withdrew his PCR Application that same day.

Then, on April 27, 2017, Petitioner filed a State Application for post-conviction relief alleging that his 2011 child molestation conviction in P1-1997-1715A violated the Federal and State Constitutions. The 2017 PCR Application is pending in the Rhode Island Superior Court.

On June 4, 2018, Petitioner filed a State Application for post-conviction relief alleging that his 2017 felony assault convictions in P2-2016-1092A violated the Federal and State Constitutions. The Superior Court dismissed the 2018 PCR Application and entered judgment for the State on October 12, 2018 noting in its Order that "Petitioner failed to identify himself to the court, failed to cooperate with his court appointed attorney, and failed to prosecute the matter he filed with the court."

**Discussion**

28 U.S.C. §§ 2254(b)(1) and (c) codifies the exhaustion requirement in habeas cases brought by state prisoners; that section provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained that this section mandates that a state prisoner "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The

petitioner bears a "heavy burden" to demonstrate satisfaction of the exhaustion requirement. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002); Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Failure to shoulder this burden "is ordinarily fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482; see also Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claim to the state courts, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001). The "substance" of the claim, Picard v. Connor, 404 U.S. 270, 278 (1971) – in other words, "both the factual and legal underpinnings of [the] claim," Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989), must be presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

In this case, one thing is abundantly clear from the face of the Petition – the claims asserted by Petitioner remain pending before the Rhode Island Court via a 2017 post-conviction collateral challenge in state court. Petitioner repeatedly acknowledges that his application remains pending. (ECF Doc. No. 22 at p. 12). Despite this admission, which is fatal to his Petition, he argues that the State's "failure to exhaust" argument should be dismissed because "the egregious violations of procedural, statutory and constitutional law involving the two said convictions warrant relief." Id. at p. 20. He goes on to note that his state court "Petition has been pending for over five months..." id. at p. 22 and that the "extreme inordinate delay in hearing Post Conviction...violated this Petitioner's meaningful access to the Court...." Id. at p. 9. He also plainly acknowledges that he has "received no response to his Petition..." id. at p. 12

and filed this matter as a result. Petitioner has not exhausted his available state court remedies, and thus the Court must dismiss this Petition.

**Conclusion**

For the foregoing reasons, I recommend that the State of Rhode Island's Motion to Dismiss (Document No. 13) be GRANTED and the Petition (Document No. 1) be DISMISSED as unexhausted.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 27, 2018