```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
_____
                              )
NORMAN BEAULIEU-BEDFORD,       )
                              )
          Petitioner,         )
                              )
     v.                       )    C.A. No. 18-467 WES
                              )
                              )
RHODE ISLAND DEPARTMENT OF     )
CORRECTIONS,                  )
                              )
          Respondent.         )
_____)
```

## **MEMORANDUM & ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Lincoln D. Almond's Report and Recommendations, ECF No. 23, recommending that the Rhode Island Department of Corrections' ("State") Motion to Dismiss the Petition of Norman Beulieu-Bedford for a Writ of Habeas Corpus by a person in state custody under 28 U.S.C. § 2254 be granted. Petitioner filed timely objections.  For the reasons that follow, Petitioner's objections are overruled, and the Court adopts Magistrate Judge Almond's recommendations.  The Motion to Dismiss, ECF No. 13, is GRANTED, and the Petition, ECF No. 1, is DENIED and DISMISSED.

I.   Background

Petitioner Norman Beaulieu-Bedford is seeking habeas relief for two convictions: 1) his 2011 child molestation conviction in

Case No. P1-1997-1715A; and 2) his 2017 felony assault convictions in Case No. P2-2016-1092A. Mem. of Law in Supp. of State of R.I.'s Mot. to Dismiss 2-3 ("State's Mem."), ECF No. 13.

With respect to the 2011 conviction, a Rhode Island Superior Court convicted Beaulieu-Bedford of one count of first-degree child molestation and one count of second-degree child molestation in 1998. R. & R. 2, ECF No. 23. The Superior Court then sentenced Beaulieu-Bedford to "forty years at the Adult Correctional Institutions ("A.C.I."), twenty years to serve, the balance suspended with probation for first degree child molestation, and twenty years at the A.C.I., ten years to serve, the balance suspended with probation for second degree child molestation." State's Mem. 1; see Criminal Docket Sheet Report, ECF No. 13-1.

On November 23, 2010, the conviction from 1998 was vacated, and the case was remanded because the State acknowledged that Beaulieu-Bedford had been denied his Sixth Amendment right to counsel during his closing argument at trial. See R.I. Supreme Court Order, ECF No. 13-2. On October 3, 2011, Beaulieu-Bedford entered a nolo contendere plea to the first-degree molestation charge, and received twenty-five years at the A.C.I., fourteen years to serve, and the balance suspended with probation. State's Mem. 2. Approximately six years later, he filed a Post Conviction Relief application, which the Superior Court dismissed on October 30, 2018. Pet'r's Obj. and Resp. to Magistrate's R. & R. to

2

Dismiss 2 ("Obj. to R. & R."), ECF No. 37. Beaulieu-Bedford did not petition the Rhode Island Supreme Court to review the dismissal. Resp. to Obj. to R. & R. 2 ("State's Resp."), ECF No. 30.

Regarding the assault convictions from February 2017, Beaulieu-Bedford entered nolo contendere pleas to two counts of felony assault, and was sentenced to thirteen years at the A.C.I., five years to serve, and the balance suspended with probation. Case Summary for Case No. P2-2016-1092A 2-3, ECF No. 30-1. On June 14, 2018, he filed a Post Conviction Relief application, alleging that his convictions violated federal and state constitutions. State's Resp. 2. The Superior Court dismissed the application on October 10, 2018. R.I. Superior Ct. J., ECF No. 30-3. Beaulieu-Bedford did not seek a review of the dismissal from the Rhode Island Supreme Court. State's Resp. 2.

Here, Beaulieu-Bedford filed a habeas corpus petition alleging that he is being illegally detained on each of his sentences. Compl. 1, ECF No. 1. The State moved to dismiss the Petition on the basis that Beaulieu-Bedford had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). State's Mem. 5. Upon review, Magistrate Judge Lincoln D. Almond recommended that the State's motion be granted on those grounds. R. & R. 6.

II. Discussion

Pursuant to Section 2254(b)(1)(A), an application for a Writ of Habeas Corpus can only be granted if "the applicant has

3

exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The U.S. Supreme Court has stated that the purpose of the "exhaustion" requirement is to give state courts the opportunity to act on claims before a state prisoner presents those claims to federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Thus, a failure to exhaust in state court is generally "fatal" to the petition. Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

Here, the Court concurs with Magistrate Judge Almond's finding that Beaulieu-Bedford's Petition should be dismissed because he has not exhausted all his state court remedies.[1] See R. & R. 5. Specifically, Beaulieu-Bedford did not petition the Rhode Island Supreme Court for issuance of a writ of certiorari to review the dismissals of his two applications for Post Conviction Relief. Beaulieu-Bedford claims that he satisfied the exhaustion requirement since the state courts "have been given ample opportunity to act on his claims." Obj. to R. & R. 35. However, he fails to refute the fact that he did not seek to appeal the dismissals of

---

[1] Magistrate Judge Almond states that Beaulieu-Bedford's Post Conviction Relief application for his 2011 child molestation conviction was "pending in the Rhode Island Superior Court." R. & R. 4. However, the Rhode Island Superior Court had already dismissed the application on October 30, 2018. Obj. to R. & R. 2. This does not alter the finding that Beaulieu-Bedford did not exhaust his state court remedies.

4

his Post Conviction Relief applications to the Rhode Island Supreme Court. State's Resp. 4; see Obj. to R. & R.

The record is clear and unrebutted. Beaulieu-Bedford has not exhausted his state court remedies. Thus, his petition must be dismissed.

III. Conclusion

Having overruled Beaulieu-Bedford's objections, the Court ACCEPTS Judge Almond's Report and Recommendations, ECF No. 23. Pursuant to 28 U.S.C. § 636(b)(1), the Court adopts Magistrate Judge Almond's recommendations and reasoning. The Court therefore GRANTS the State's Motion to Dismiss, ECF No. 13, and DENIES and DISMISSES Beaulieu-Bedford's Petition for Writ of Habeas Corpus, ECF No. 1.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Beaulieu-Bedford has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Beaulieu-Bedford is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in

this matter.  See Rule 11(a), Rules Governing Section 2254 Proceedings.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  July 29, 2019